# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | Case No. 13-00226-01-CR-W-DGK |
| CHIQUITA TYLER, | ) ) ) | |
| Defendant. | ) ) | |

## SENTENCING MEMORANDUM

Comes now the defendant, Chiquita Tyler, by and through counsel Laine Cardarella, Federal Public Defender, and submits the following in support of a request for a sentence below the applicable guideline range.

Ms. Tyler pleaded guilty to one count of making a false statement to an agency of the United States, and one count of unlawful use of another's means of identification. Ms. Tyler does not face a statutory mandatory minimum sentence. The guideline range, as calculated in the presentence report is 57-71 months. However, Ms. Tyler is confident that the Court will sustain her objection to an enhancement to the base offense level, and that the final sentencing range will be 46-57 months. Ms. Tyler requests a sentence of probation, with conditions of probation to include house arrest and/or intermittent confinement. Ms. Tyler is statutorily eligible for probation (18 U.S.C. § 3551(a)).

**Objection to the guideline calculations.** Ms. Tyler has one objection to the guideline calculations that are contained in the presentence report. As noted in the addendum to the report, Ms. Tyler objected to the use of a 14 level enhancement to reflect the amount of loss as opposed to the 12 level enhancement agreed upon by the parties. Initially, the basis for that objection was

that the parties agreed that the *actual* loss amount was appropriately used to calculate the guidelines. Since Ms. Tyler's guilty plea, however, the United States Sentencing Commission has proposed amendments to the guidelines, including to Section 2B1.1. The amendment to this section adjusts the enhancements based on the amount of loss to reflect inflation since the last time the guideline was amended. Barring action from Congress, which is not anticipated, the new guideline will go into effect on November 1, 2015. If Ms. Tyler pleaded guilty after November 1, 2015 the new guideline would be the guideline used to calculate her sentence, regardless of the date of the offense conduct. Individuals who plead guilty before November 1, 2015, but whose presentence reports are prepared after that date, will realize the benefit of the adjustment to the enhancement. This Court can consider the proposed amendment when calculating a defendant's offense level, and other judges in this district have (e.g., Judge Phillips in *United States v. Irene Brooner*). If the Court does not consider the proposed amended guideline figures, Ms. Tyler is effectively being punished for not attempting to delay the resolution of her case beyond the November 1, 2015 date.

Under the proposed amendment to the guideline, a 12 level enhancement is applied for a loss of $343,889 (the actual loss amount in this case) or $454,363 (the intended loss amount.) The 14 level enhancement, currently triggered by a loss figure of more than $400,000, will not be used in any case in which the loss figure is $525,000 or less. The loss table was last amended in 2001. It is inequitable to punish Ms. Tyler based on guidelines that were last adjusted 10 years before her offense conduct began.

**Sentencing Factors**. Ms. Tyler knows that the Court is well aware of the factors to be considered in imposing a sentence, as provided in 18 U.S.C. § 3553. Although Ms. Tyler and

counsel believe that all the factors weigh in favor of a downward variance from the guidelines, this memorandum will address only some of those factors.

A sentence of probation will promote respect for the law and provide a just punishment, while reflecting the seriousness of Ms. Tyler's offense. A respect for the law, and for the Court's authority to impose a sentence, is not the equivalent of a *fear* of the law or the Court. A punishment that balances the needs of the offender and the needs of victims or society is a just punishment. Ms. Tyler is now convicted of a *federal* felony offense. This is her second felony conviction, and she will bear the consequences of her criminal conduct for the rest of her life. Those consequences should be considered when deciding an appropriate punishment. Whether she resides in Missouri or in Texas, Ms. Tyler will not be able to vote so long as she is serving any sentence for a felony, including probation. Ms. Tyler will not be able to obtain certain licenses and will be subject to greater scrutiny if she attempts to open a business. She will be unable to work in certain fields including health care and education. As the Court is well aware, a single felony conviction makes finding a job difficult; a second conviction will only increase that struggle. If placed on probation, Ms. Tyler will be subject to years of supervision. She will have very limited Fourth Amendment protections while she is on supervision. She will not be able to travel or obtain a line of credit without the advance permission of her supervising officer. Ms. Tyler suggests that a just sentence would further restrict her liberty by imposing a condition of probation that she complete a term of "house arrest" and/or that she serve an intermittent term of incarceration, which would allow her to maintain employment and serve time in custody on days that she is not working. Clearly, a term of probation would impose restrictions and conditions on Ms. Tyler. However probation would, as noted above, allow Ms. Tyler to maintain her current employment. Ms. Tyler's family is dependent on her income for their survival.

What's more, Ms. Tyler will be required by this Court to pay back to the United States Treasury over $340,000. A term of probation would allow Ms. Tyler to begin paying toward that restitution, and begin to make right the wrong she has done.

Ms. Tyler has shown respect for the law and this Court throughout the proceedings. Specifically as to the sentencing proceedings, Ms. Tyler reserved the right in her plea agreement to raise objections to certain guideline enhancements if they were applied to her. Ms. Tyler has objected only to the loss figure, and that is based upon an agreement with the government as well as the likely change to the guidelines in November of this year. Ms. Tyler did not object to the number of victims enhancement or the enhancement for having used a means of identification to produce another means of identification, although she reserved the right to make these objections under the terms of her agreement. After receiving the presentence report and reviewing it and the applicable law with counsel, Ms. Tyler agreed with counsel that such objections would lack merit. A sentence of incarceration is not necessary to promote respect for the law in this case.

A sentence of probation is sufficient but not greater than necessary to protect the public and to deter future criminal conduct. Ms. Tyler will be well supervised, and Probation Officers fully understand their obligation to monitor a probationer in order to protect the public. The idea that a prison sentence is necessary to deter either Ms. Tyler's criminal conduct or the criminal conduct of others is ill-founded. The Department of Justice has prepared and distributed an informational flyer noting, among other things, that prison is not an effective deterrent. (See Exhibit A, Department of Justice, National Institute of Justice flyer "Five Things about Deterrence.") According to the Department of Justice, not only is prison an ineffective deterrent, it may actually have the *opposite* effect: inmates tend to learn new criminal strategies from each other, and a prison sentence has a desensitizing effect to the threat of future incarceration. The

Department of Justice also notes that increasing the severity of punishment does little to deter crime. In short, the Department of Justice has stated that the sentencing factor regarding the promotion of deterrence is not served with a lengthy prison sentence.

Ms. Tyler has no need for educational or vocational training that may be provided by the Bureau of Prisons. Ms. Tyler is capable of taking GED classes in the community while on probation, and other educational or vocational training is also available in the community. While pursuing those efforts in the community, Ms. Tyler would be able to continue her employment and continue caring for her family. If placed in prison, Ms. Tyler's family would be left to survive without her needed income, and her children would be abandoned by their mother. When released from custody, Ms. Tyler would be at a deficit because she would have to begin her job search and training anew.

A sentence of probation would not be a disparate sentence. According to the United States Sentencing Commission, in fiscal year 2013, 38.9% of female offenders sentenced in a fraud case received non-imprisonment sentences. (USSC, *Quick Facts: Women in the Federal Offender Population*) Fewer than half of all female offenders were sentenced within the guideline range during fiscal years 2009 through 2013. In fiscal year 2013, 25.8% of women received non-government sponsored downward variances. Government sponsored downward variances were given to 20.9% of women offenders based on substantial assistance, and 17.6% for other reasons not related to substantial assistance or early disposition. (*Id*)

Wherefore, for the foregoing reasons and in the interests of justice, Ms. Tyler respectfully prays this Court will sentence her to a term of probation with either "house arrest" and/or intermittent confinement as condition(s) of probation.

Respectfully submitted,

/s/Laine Cardarella
LAINE CARDARELLA
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106
(816) 471-8282
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that one copy of the foregoing motion was electronically filed and sent to Jane Pansing Brown, Assistant United States Attorney, this 20th day of July, 2015.

/s/Laine Cardarella
Laine Cardarella